UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | |
|---|---|
| TONI KIMBLE AS PERSONAL REPRESENTATIVE OF § <br> THE  ESTATE OF JARNELL TERRENCE KIMBLE, § <br> AND OGOLIA NELSON KIMBLE, INDIVIDUALLY § <br> AND AS NEXT FRIEND OF JARNELL KIMBLE § <br> GUERRERO, § <br> § <br> V.                                                           § <br> § <br> BEXAR COUNTY TEXAS,  SHERIFF OF BEXAR § <br> COUNTY, AND MISHAL MATHEW            § <br> § | No. –cv-------- <br><br><br><br> Jury Requested |

PLAINTIFF'S ORIGINAL COMPLAINT

A.  Parties

1.   Plaintiffs are Toni Kimble, cousin, pending administrator and personal representative of the estate of Jarnell Terrance Kimble (deceased) pursuant to Texas Civil Practices and Remedies Code § 71.003. Ogolia Nelson Kimble is the mother of Jarnell Terrance Kimble and a claimant under the wrongful death and survival statutes of Texas.

2.   The defendants are governmental and law enforcement units of the County of Bexar in Texas. They are the Bexar County Commission and the Bexar County Sheriff's Office. The individual defendant is Mishal Matthew. Sheriff Javier Salazar is qualified

B.  Jurisdiction and Venue

3.   This Court has subject matter jurisdiction over federal civil rights claims, pursuant to U.S.C. § 133

1

4. Venue is proper in this district under 45 U.S.C. §56 because the cause of action arose in this district; and the events that gave rise to the claims occurred in Bexar county, Texas, pursuant to 28 U.S.C. §1391

### D.  Conditions Precedent

5. All conditions precedent have been performed or have occurred.

### E.  Facts

6. On March 29, 2019 plaintiff suffered a medical crisis a Diabetic Ketoacidiosis that went undetected by the sheriff's deputies charged with hourly inspection in a highrisk section of the Bexar County Jail.  The failure to observe the highrisk inmates, was a custom and practice of the Bexar county sheriff's office. It had not disciplined, retrained or supervised in an effective manner those who were not in  compliance with statutory standards. Such failure is  well documented, with 4 suicides 2016, and medical related deaths in 2017 and 2018.

7. The deceased Jarnell Terrance Kimble was a pretrial detainee. On March the evening of March 28 and 29, he was not observed at the hourly times required by the jail standards.  On or about April 5, 2019 it was discovered that the officer, Mishal Mathews charged with observing inmates on an hourly basis, was found to have fraudulently enter a written log that he had observed Mr. Kimble and made a written entry, after the demise of Mr. Kimble that he a had advised his sergeants that "to observe inmate in cell 3 whose condition was concerning". His sergeants failed to supervise Matthews because they did not challenge the false entry, until April 5, 2019 and he had a history of not claiming to have had face to face observations of inmates  while his electronic record indicated noncompliance with his duty of face to face observation. Mishal was subsequently charged with tampering with government records, a third degree felony, when the written entries

were compared to the electronic record. The electronic entry indicated he had not made the hourly observations require by statutory jail standards.

8.. A subsequent Special Inspection report by the Texas Commission on Jail Standards ("TJSC"), on May 8, 2019. The inspection was based on the jail administrative records. The Bexar County Sheriff's jail was cited for administrative noncompliance with section 275 .1 of the Texas Jail Standards.

9.. The TJSC inspector entered a finding of "administrative noncompliance" accompanied by an entry:

> "After reviewing documentation provided by the administration, it was determined that the jail staff **exceeded the sixty (60) minute face to face observations by as much as 119 minutes** (*approximately three hours between face to face observation*) requiring face to face observation at inmates by jailers no less than every 60 minutes."( *emphasis added*)

CAUSES OF ACTION
42 U.S.C. 1883 VIOLATION OF FOURTEENTH AMENDMENT

10. Under the Texas Jail Standards act Section 275.1 defendant had a duty to a high risk inmate **to provide sixty (60) minute face to face observations. The sheriff routinely exceeded this statutory standard by as much as 119 minutes** (*approximately three hours between face to face observation*). Despite the requirement of face to face observation at inmates by jailers no less than every 60 minutes.

The Sheriff's office failure to utilize the electronic system to verify face to face observation was a "practice and custom" that was a moving force denying the constitutional rights of due process and equal protection. This denial was the leading cause of the death of Jarnell Terrance Kimble. The subsequent delay in seeking treatment for the Diabetic Ketoacidosiby the supervisors was a

proximate coause of the death on Mr. Kimble in violation of the Fourteenth amendmant rights that were denied by the administrative acquiseince to the abandonment of face to face observation.

11. Under the Fourteenth Amendment the "due process clause requires the responsible government or governmental agency to provide medical care to persons.." *City of Revere v. Mass.. Gen. Hosp.*, 463 U.S.239, 244(1983).

### G.  Wrongful Death and Survival

12. Plaintiff is the duly appointed personal representative of decedent.  Unopposed application to be appointed administrator as a cousin; because no other relative or legal heir is qualified. The administration is pending in Bexar County Probate Court No. 1, at cause number 2020PC0335.

13. Decedent, at the time of death, was 45 years old.  Decedent left the following surviving beneficiaries:

| | | |
|---|---|---|
| Son | Jarnell Kimble Guerrero | dob October 4, 2006 |
| Mother | Ogolia Nelson Kimble | dob January 1,1958 |

### H.  Damages

14. As a direct and proximate result of defendant's negligence, Plaintiffs and decedent suffered the following injuries and damages:

    a.   Medical expenses in the past and future.

    b.   Pain and suffering in the past and future.

    c.   Loss of consortium in the past and future.

### I.  Prayer

15. For these reasons, plaintiff asks for judgment against defendant for the following:

    a.   Actual damages $1.500,000.00

    b.   Postjudgment interest.

c.  Costs of suit.

d.  All other relief the court deems appropriate.

        Respectfully submitted,
        /s/Regina M. Scrivner-Tibbs
        REGINA M. SCRIVNER-TIBBS
        Attorney at Law
        Texas Bar No. 17931200
        1106 Greystone Ridge
        San Antonio, Texas  78254
        Tel. (210) 226-8910
        Fax. (855) 898-9725
        lawoffice.rst@gmail.com
        LAW OFFICES OF MARKES E. KIRKWOOD P.L.L.C.
        2600 McCullough Avenue
        San Antonio, Texas 78212
        Phone No.: (210) 532-1000
        Fax No.: (210) 736-2212 / (210) 532-1000
        E-mail Address:  kirkwoodmarkes@yahoo.com

        */s/ Markes E. Kirkwood*
        Markes E. Kirkwood
        Attorney at Law
        State Bar No. 24032509
        Attorney for Nonmovant: Frances Magdalene Cortez