IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TONI Y. KIMBLE, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JARNELL TERRENCE KIMBLE; AND OGOLIA NELSON KIMBLE, INDIVIDUALLY AND AS NEXT OF FRIEND OF JARNELL KIMBLE GUERRERO;  *Plaintiffs,*  vs.  BEXAR COUNTY, TEXAS, SHERIFF OF BEXAR COUNTY, MISHAL MATHEW,  *Defendants.* | § § § § § § § § § § § § § § § § § § | SA-21-CV-00313-FB |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant Mishal Mathew's Motion to Dismiss [#19] and Plaintiff's Opposed Motion to Extend Time to Serve Defendant Michal [sic] Mathew [#23]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion to dismiss be denied and Plaintiff's motion to extend time for service be granted.

**I. Background and Analysis**

By his motion, Defendant Mishal Mathew asks the Court to dismiss Plaintiff's claims against him for failure to effectuate service within the time prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. In response, Plaintiff asks the Court to excuse the

1

approximately 30-day delay in service as the delay was associated with a lack of an address for service of Mathew, not any dilatory behavior on the part of Plaintiff.

Plaintiff was required to serve all Defendants within 90 days of filing his complaint. Fed. R. Civ. P. 4(m). The record reflects that Plaintiff filed his Complaint on March 29, 2021, but did not effectuate service on Defendant Mishal Mathew until July 31, 2021, 33 days after the service deadline of June 28, 2021. Where a plaintiff fails to timely serve a defendant, the Court may either dismiss the action without prejudice or direct service to be completed within a specified time. *Id.*; *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If the plaintiff can show good cause for failing to serve the defendant, the Court must extend the time for service. *Milan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). But even if the plaintiff lacks good cause, the court has discretionary power to extend service rather than dismiss the case. *Id.*

The Court should excuse Plaintiff's delay in service and deny Mathew's motion to dismiss. Plaintiff's motion to extend time for service and response to Mathew's motion to dismiss establishes that he timely served all Defendants named in this suit except for Mathew. When Plaintiff's process server, Carl Ross, served the other Defendants on May 6, 2021, he discovered that Mathew, a former Deputy Bexar County Sheriff, was no longer employed by the Bexar County Sheriff's Office. (Kirkwood Aff. [#22-1], at 1; Ross Aff. [#22-2], at 1.) Plaintiff's counsel conducted a search of various websites and the Bexar County Appraisal District website in an attempt to locate an address for Mathew, without success. (Kirkwood Aff. [#22-1], at 2.) On July 22, 2021, during the parties' Rule 26 conference, attorney for Defendants provided Plaintiff with current contact information for Mathew. (*Id.*) On July 23, 2021, the following day, Ross attempted service but was informed Mathew was out of town and would not

be returning until July 29, 2021.  (Ross Aff. [#22-2], at 1–2.)  On July 29, 2021, Ross served Mathew at his residence.  (*Id.* at 2.)

The Court should exercise its discretion and extend the time for service so as to excuse Plaintiff's delay in serving Mathew and deny Mathew's motion to dismiss.  Plaintiff's delay in service was minimal and did not result in any significant prejudice to Mathew.

## II.  Conclusion and Recommendation

Having considered the parties' motion, the responses and replies thereto, and the governing law, the undersigned recommends that Defendant Mishal Mathew's Motion to Dismiss [#19] be **DENIED** and Plaintiff's Opposed Motion to Extend Time to Serve Defendant Michal [sic] Mathew [#23] be **GRANTED**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985);

*Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 8th day of October, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

.